UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YEN NGUYEN AND THUY NGA | § | |
| NGUYEN, | § | |
|     Plaintiffs | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 4:24-cv-509 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | (JURY) |
|     Defendant | § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") files this Notice of Removal of Cause Number 2024-003139-3, styled *Yen Nguyen and Thuy Nga Nguyen vs. Allstate Fire and Casualty Insurance Company*, currently pending in the County Court at Law No. 3, Tarrant County, Texas. Allstate removes the case to the U.S. District Court for the Northern District of Texas, Fort Worth Division. As grounds for removal, Allstate states as follows:

### I.

### OVERVIEW

1.1    This case involves a dispute over insurance benefits under an automobile policy of insurance issued by Allstate Fire and Casualty Insurance Company to Plaintiffs, for alleged damages to the Plaintiffs allegedly caused by an accident which occurred on or about January 15, 2023 (*See* Plaintiffs' Original Petition). Plaintiffs commenced this action, styled *Yen Nguyen and Thuy Nga Nguyen vs. Allstate Fire and Casualty Insurance*

*Company,* against Allstate by filing Plaintiffs' Original Petition on April 19, 2024, under Cause Number 2024-003139-3 in the County Court at Law No. 3, Tarrant County, Texas. According to the Plaintiffs' Original Petition in that suit, the Plaintiffs seek monetary relief over $100,000.00 but not more than $250,000.00. Allstate was served on May 1, 2024. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). A true and correct copy of all documents filed in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a).

## II.

## DIVERSITY JURISDICTION

2.1    The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The citizenship of Plaintiffs was omitted in Plaintiffs' Original Petition; therefore, the following exhibits are attached hereto to establish that Plaintiffs are citizens of the State of Texas. (*See* Exhibit C-1, a true and correct certified copy of the Allstate policy issued to Plaintiffs, listing their address as Grapevine, Texas, showing that they are citizens of Texas. *See* Exhibit C-2, true and correct copies of medical records pertaining to plaintiffs listing their address in Grapevine, Texas, again showing that they are citizens of Texas. *See* Exhibit C-3, a true and correct copy of the Tarrant Appraisal District 2024 Property Value Notice for Yen Nguyen). Defendant Allstate is now, and was at the time the action commenced, a citizen of the State of Illinois, and is not a resident or citizen of Texas. Furthermore, Allstate's state of incorporation is Illinois, and Allstate's principal place of business is in Illinois.

2.2     There being complete diversity between the Plaintiffs and Defendant Allstate, this case is properly removed to the U.S. District Court for the Northern District of Texas, Fort Worth Division.

## III.

## REMOVAL PROPER

3.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendant Allstate, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Allstate will promptly file a copy of this Notice of Removal with the clerk of the County Court at Law No. 3, Tarrant County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## IV.

## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Allstate files the following documents as Exhibits:

Exhibit "A" – Index of State Court Pleadings and Filing Dates in the County Court at Law No. 3, Tarrant County, Texas

Exhibit "B" – A copy of the docket sheet in the State Court

## V.

## DEMAND FOR JURY TRIAL

5.1     In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury.

## VI.

## CONCLUSION

6.1     Because diversity jurisdiction exists over Plaintiffs' claim as set forth in Plaintiffs' Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the County Court at Law No. 3, Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 2024-003139-3, styled, *Yen Nguyen and Thuy Nga Nguyen vs. Allstate Fire and Casualty Insurance Company*, from the County Court at Law No. 3, Tarrant County, Texas to this Court on May 31, 2024, for trial and determination.

Respectfully submitted,


*/s/ John W. Stilwell*
JOHN W. STILWELL
TBN:  19242800

LAW OFFICE OF JOHN STILWELL, PLLC
6213 Chapel Hill, Suite B
Plano, Texas 75093
(972) 403-7400 Office
(972) 403-1100 Fax
(214) 727-4200 Cell
Email:  john.stilwell@sbcglobal.net

ATTORNEY FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY


<u>CERTIFICATE OF SERVICE</u>

On May 31, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served counsel of record electronically and/or by facsimile and/or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2) and by the Texas Rules of Civil Procedure.

*/s/ John W. Stilwell*
JOHN W. STILWELL